**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------

| | |
|---|---|
| INVENTIO AG,<br><br>        Plaintiff<br><br>v.<br><br>THYSSENKRUPP ELEVATOR AMERICAS CORPORATION;<br>THYSSENKRUPP ELEVATOR CORPORATION, and;<br>THYSSENKRUPP ELEVATOR MANUFACTURING INCORPORATED<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:08-cv-00874-ER |

------------------------------------------------------------

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ANSWERS TO INTERROGATORY NO. 7 AND DOCUMENT REQUEST NOS. 2, 50 AND 51

*Of Counsel:*

Pierre R. Yanney
DARBY & DARBY P.C.
7 World Trade Center
250 Greenwich Street
New York, NY 10007-0042
Tel: (212) 527-7700
Fax: (212) 527-7701
Email: pyanney@darbylaw.com

Donald E. Reid (Bar I.D. # 1058)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
Email:  dreid@mnat.com

*Attorneys for Plaintiff*
*INVENTIO AG*

## TABLE OF CONTENTS

**Page**

I.     Nature and Stage of the Proceedings ...................................................................1

II.    Summary of the Argument.................................................................................1

III.   Statement of Facts ..........................................................................................2

IV.    Argument ......................................................................................................3

    1.   Inventio Should Not be Required to Respond to  Interrogatory No. 7 Until After Significant Discovery has Taken Place ...........................................................3

    2.   Document Request Nos. 50 and 51 are Not Calculated to Lead to the Discovery of Admissible Evidence. ..........................................................................6

    3.   Document Request No. 2 is Satisfied by Production of Publicly Available Documents...................................................................................................9

    4.   Defendants are Not Entitled to Recover Their Fees and Expenses for This Motion........................................................................................................10

V.     CONCLUSION ............................................................................................11

i

# TABLE OF AUTHORITIES

**Page**

## CASES

*H&R Mortgage Corporation Prescreening Litigation*,
   Case No. 2:06-MD-230, 2007 U.S. Dist. LEXIS 7104, at *25-26 (N.D. Ind.
   January 30, 2007) .......................................................................................................3

*In re ML-Lee Acquisition Fund II, L.P.*,
   151 F.R.D. 37, 39 (D. Del. 1993) ...............................................................................8

*Pall Corp. v. Hemasure Inc.*,
   181 F.3d 1305, 1308 (Fed. Cir. 1999) ........................................................................4

*S.S. White Burs, Inc. v Neo-flo, Inc.*,
   Civ. Action No. 02-3656, 2003 U.S. Dist. LEXIS 7718
   (E.D. Pa. May 2, 2003) ...............................................................................................4

*Phillips v. AWH Corp.*,
   415 F.3d 1303, 1312 (Fed. Cir. 2005) ........................................................................6

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
   775 F.2d 1107, 1118 (Fed. Cir. 1985) ........................................................................4

*White Burs and Whitserve LLC v. Computer Patent Annuities North America, LLC*,
   2006 U.S. Dist. LEXIS 27048 (D. Conn. May 9, 2006)..............................................5

## STATUTES

Fed R. Civ. P. 26................................................................................................................8

Fed. R. Civ. P. 33(a)(2) ....................................................................................................4

Fed. R. Civ. P. 37(a)(5)(A)(ii) .......................................................................................10

## OTHER AUTHORITIES

*Moore's Federal Practice* § 26.41[6][A] .......................................................................9

## I.      NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Inventio A.G. ("Inventio") filed this action for infringement of U.S. Patent No. 6,892,861 and U.S. Patent No. 6,935,465 ("patents-in-suit") against defendants Thyssenkrupp Elevator Americas Corporation, Thyssenkrupp Elevator Corporation and Thyssenkrupp Elevator Manufacturing Incorporated (collectively, "Defendants").

The case is in its initial stages. The parties are engaged in the discovery process, but they are still in the process of producing documents and no depositions have taken place. Claim construction proceedings are scheduled for the fall of 2009. No trial date has been set.

## II.     SUMMARY OF THE ARGUMENT

1.  Defendants' motion to compel a response to Interrogatory No. 7, which seeks Inventio's claim constructions, is premature at this stage of the proceedings. Discovery on the accused products is required to properly identify the claim terms in dispute. Inventio should be permitted to respond after substantial discovery has taken place, but in advance of the claim construction briefing.   Otherwise, Defendants are given an undue advantage in that they can tailor their claim constructions based on their knowledge of the accused products, while limiting Inventio's ability to respond because of the lack of discovery.

2.  Defendants' motion to compel production of documents in response to Document Request Nos. 50 and 51 relating to letters, deposition transcripts and exhibits from an unrelated case on an unrelated patent is not calculated to lead to discovery of admissible evidence because there is no substantial overlap between the two cases.

3.  Defendants' motion to compel a response to Document Request No. 2 seeking the file histories for the patents-in-suit lacks merit because the publicly available file histories were

1

previously produced, and any relevant information not publicly available would be protected as privileged or work product.

4.      Inventio's position with respect to its discovery responses is reasonable and substantially justified. As such, Defendants are not entitled to an award of attorney's fees and expenses.

## III.    STATEMENT OF FACTS

In 2006, Inventio and Schindler Elevator Corporation sued Otis Elevator Company in an un-related action in the United States District Court for the Southern District of New York, Case No. 06-CV-5377 (the "SDNY Action")[1]. In that action, Inventio asserted that Otis Elevator infringed U.S. Patent No. 5,689,094 (the "'094 Patent", Pl. App. 1-7). The '094 patent relates to a system having a recognition device in the vicinity of elevator banks that reads data from an information transmitter carried by a passenger and sends the data to a control device that uses the information to allocate an elevator to the passenger. The '094 Patent was based on, and is equivalent to, European Patent EP0699617.

A protective order was entered in the SDNY Action to protect confidential information of the parties. *See* December 12, 2006 Stipulated Protective Order (Pl. App 8-27). Depositions were taken of Inventio witnesses Andreas Gaussmann and Hans Bloechle and Schindler witnesses Sula Moudakis, Edward Nowel and Nicole Saloio. The depositions of the Schindler witnesses were designated as confidential under the Stipulated Protective Order. The Court rendered claim constructions and then issued a decision of non-infringement on summary judgment.  The case is currently on appeal.

---

[1] Inventio and Schindler Elevator Corporation are related, but separate entities.  Inventio is a Swiss company ultimately owned by Schindler Holding Ltd.  Schindler Elevator Corporation is a U.S. company ultimately owned by Schindler Holding Ltd.

In November of 2008, Inventio brought this suit against Defendants. The patents-in-suit relate to a device, system and method of modernization of an elevator installation in which a modernizing device is temporarily connected to control the elevator in response to elevator calls. *See* '861 patent, col. 2, line 4- col. 3, line 53; '465 patent, col. 1, line 64- col. 3, line 53 (D.I. No. 1). The patents-in-suit have a common inventor, Paul Friedli, to the '094 patent and state that "recognition of an identification code" is known from European Patent EP0699617 (the European equivalent of the '094 patent), but the patents-in-suit are otherwise unrelated to either the '094 patent or the European Patent. The patents-in-suit are not part of the same patent family as the '094 patent.

The discovery process in this case is still in its relatively early stages. The parties exchanged discovery requests but documents are still being collected and produced. No depositions have taken place. Defendants have not yet produced significant substantive information or documents describing the technical details of the accused products.

## IV.    ARGUMENT

### 1.  INVENTIO SHOULD NOT BE REQUIRED TO RESPOND TO INTERROGATORY NO. 7 UNTIL AFTER SIGNIFICANT DISCOVERY HAS TAKEN PLACE

Interrogatory No. 7 seeks detailed claim constructions and evidence in support of those constructions. Inventio respectfully submits that this contention interrogatory is premature and that a response is more appropriate after Defendants produce discovery relating to the operation of the accused products.

"Courts routinely delay compelling responses to contention interrogatories until after considerable discovery." *See In re H&R Mortgage Corporation Prescreening Litigation*, Case No. 2:06-MD-230, 2007 U.S. Dist. LEXIS 7104, at *25-26 (N.D. Ind. January 30, 2007)

(citations omitted); *S.S. White Burs, Inc. v Neo-flo, Inc.*, Civ. Action No. 02-3656, 2003 U.S. Dist. LEXIS 7718 (E.D. Pa. May 2, 2003)("[a]t times, courts will postpone to the end of discovery the responses of 'contention interrogatories,' which ask a party to state all facts and theories upon which it bases a contention, so that the party does not have to articulate theories of its case which are not yet fully developed.").  This is in agreement with Rule 33 of the Federal Rules of Civil Procedure which provides the Court with authority to postpone a response to an interrogatory until after significant discovery has taken place:

> [a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but *the court may order that the interrogatory need not be answered until designated discovery is complete*, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2) (emphasis added).

Postponing disclosure of Inventio's claim constructions allows a more ordered and logical progression of the case. The first step in claim construction is to identify the disputed terms. The Federal Circuit has stated that it is appropriate to concentrate on those aspects of the claim whose relation to the accused device is in dispute. *See, e.g,, Pall Corp. v. Hemasure Inc.*, 181 F.3d 1305, 1308 (Fed. Cir. 1999) ("Although the construction of the claim is independent of the device charged with infringement, it is convenient for the court to concentrate on those aspects of the claim whose relation to the accused device is in dispute."); *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (while a claim is not to be construed in light of the accused device, in an infringement case, it must inevitably be construed in context of the accused device). In other words, to effectively determine which terms are in dispute, it is necessary to relate the terms to the accused device.

At this point, very little discovery has taken place and Inventio is in the process of developing its case through discovery. Defendants have not produced significant information about the accused products and thus it is difficult for Inventio to determine the precise terms in dispute at this time. Therefore, a response to this interrogatory is more appropriate at the close of discovery so that both parties have enough time to exchange and consider information to make the claim construction process more meaningful. To aid in narrowing these issues, Inventio will submit proposed claim constructions in advance of the claim construction briefing.

Defendants cite primarily to *White Burs* and *Whitserve LLC v. Computer Patent Annuities North America, LLC*, 2006 U.S. Dist. LEXIS 27048 (D. Conn. May 9, 2006) as rejecting Inventio's position that its claim constructions need not be provided until it has submitted its claim construction brief. *See* Defendants' Memo, at p. 3-4. In contrast to Defendants' argument, Inventio is not asserting that it need not respond to the interrogatory, but rather is asserting that it is more appropriate to respond only after significant discovery has taken place. This position is not inconsistent with *White Burs* and *Whitserve*. The court in *White Burs* acknowledged that claim construction hearings "are scheduled at the end of discovery so that the parties have enough time to exchange the information which will make the hearing meaningful." 2003 U.S. Dist. LEXIS 7718, at *7-8. In *Whitserve*, there was no indication of whether any substantial discovery had taken place. As to the remaining cases cited and relied on by Defendants, none of them mandate the Court to order that claim constructions be provided before substantial discovery has taken place.

Next, Defendants assert that Inventio cannot have it both ways because Inventio propounded a similar interrogatory on the Defendants, to which they responded. This is a self-serving argument that does not take into account the relative positions of the parties. Defendants

5

should be fully cognizant of their own products and thus are in a much better position to determine which claim terms may be in dispute. Plaintiff requires discovery to be placed on an equal footing.

Lastly, Defendants assert that it is meaningless to state that claim terms are entitled to their "ordinary meaning."  Defendants are misconstruing the import of this position.  That the claim terms are entitled to their "ordinary meaning" simply means that the claims do not require construction because they are easily understood as is and the meaning of such words is not changed by the specification or file history. *See Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed. Cir. 2005) (stating that "[i]n some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to Lay Judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words").  Therefore, to the extent that certain terms are entitled to their "ordinary meaning," such a response is appropriate. *Id.*

### 2.  DOCUMENT REQUEST NOS. 50 AND 51 ARE NOT CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.

Document request nos. 50 and 51 seek letters to the court or opposing counsel concerning Paul Friedli, and deposition transcripts and exhibits from the unrelated SDNY Action.  These documents are not relevant to this dispute and will not lead to admissible evidence.

Defendants assert that these documents are relevant because Mr. Friedli is a commonly named inventor on the patents at issue in each action and because he and other deponents have information relevant to factual matters in this case. Paul Friedli is the inventor on at least two dozen patents.  *See* PTO record search listing at least 27 patents (Pl. App. at 28-29). The simple fact of being an inventor on a patent does not make the inventor's other patents automatically

relevant to a particular case. The question is whether the subject matter of the patents overlap. Even more puzzling, that Dr. Friedli or the other deponents, such as Ms. Saloio and Messrs. Gaussmann, Bloechle, Moudakis and Nowel, have factual information about this case is a *non sequitur* as to the relevancy of documents generated in the prior un-related litigation. All of these deponents are fact witnesses, and as such their prior testimony is only relevant if there is an overlap in the issues.

In attempting to establish such overlap, Defendants assert that there is a reference to "recognition of identification codes" in the patents-in-suit that relates to the '094 patent and that the patents-in-suit relate to the common subject matter of efficiently dispatching elevators. "Identification codes" are not necessary requirements of many of the claims of the patents-in-suit. The specifications of the patents-in-suit do refer to EP 0699617, which is the European equivalent of the '094 patent from the SDNY Action. However, the technology described in the patents-in-suit does not substantially overlap with the technology described in the '617 EP and '094 U.S. patents. The '094 patent describes an elevator installation including a "recognition device," wherein the recognition device automatically recognizes elevator calls that are generated by an "information transmitter" carried by an elevator user. In contrast, the patents-in-suit relate to devices and systems for modernization of existing elevator installations. The patents-in-suit refer to the '617 EP patent only to show that recognition of a user's identification code from a recognition device was known in the prior art. *See* U.S. Patent No. 6,892,861, col. 6, lines 11-15. Other than relating to elevators, there is no substantial overlap between the subject matter of the patents-in-suit and the '094 patent or the SDNY Action. Therefore, the requested documents generated in the SDNY Action are not relevant to the present suit.

Defendants assert that the prior depositions "may reveal information about these individuals, [and] their association with Plaintiff, ….", that they "are all relevant to the close relationship of Dr. Friedli to Plaintiff" and that the depositions "may also yield relevant information about Mr. [sic "Dr."] Friedli or Plaintiff Inventio." *See* Defendants' Memo, at p. 12. These arguments are conclusory, and are not tied to particular issues in this case. Moreover, acceptance of these arguments would make <u>every</u> deposition of a witness subject to discovery in every other case involving the witness, regardless of relevance, which is not and should not be the case.

Lastly, a number of the deposition transcripts sought by Defendants are witnesses of Schindler and not the Plaintiff in this action, Inventio. These deposition transcripts contain confidential information that are subject to a protective order entered in the SDNY Action. Inventio has no standing or authority to waive Schindler's right to confidentiality of the deposition transcripts.

Defendants urge that discovery should be allowed unless it is "clear that the information sought can have no possible bearing upon the subject matter of the action." Defendants' Memo, at p. 8 (citing *In re ML-Lee Acquisition Fund II, L.P.*, 151 F.R.D. 37, 39 (D. Del. 1993)). This is <u>not</u> the correct standard. Rule 26(b)(1) was amended in 2000 to limit discovery to matter "relevant to any party's claim or defense." *See* Advisory Notes 2000 Amendment to Fed R. Civ. P. 26. To permit discovery into an unrelated action on an unrelated patent on the simple basis that there is a common inventor or the conclusory argument that the witnesses may have information relevant to the current action or that the sought-after information relates generally to elevators would in effect put no boundaries on discovery since every single act or action, no matter when done, would be considered "relevant." Reasonable bounds should be placed on

discovery.  *See Moore's Federal Practice* § 26.41[6][A] ("discovery has boundaries, and a request is improper if it does not seek information that may bear on some issue the district court will have to decide in the course of bringing the case to its "ultimate conclusion."") Thus, Inventio respectfully submits that Document Request Nos. 50 and 51 are overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

### 3.  DOCUMENT REQUEST NO. 2 IS SATISFIED BY PRODUCTION OF PUBLICLY AVAILABLE DOCUMENTS.

Document Request No. 2 seeks documents relating to Inventio patents and patent applications in the family of the patents-in-suit. Inventio substantially complied with this request, and will produce any publicly available documents that are not otherwise in the public files.

The documents sought by this document request fall into one of several categories: (1) publicly available documents, such as the patent applications, amendments, correspondence with the Patent Office and prior art; (2) privileged material, such as correspondence with the client and attorney notes; or (3) irrelevant ministerial letters, such as letters forwarding Patent Office correspondence but without any privileged substantive legal analysis. To satisfy the request, Inventio produced publicly available documents, but has not produced any documents that are either privileged or irrelevant because they do not bear on any issue in the case.

Defendants assert that it is improper to produce copies from public records and that the copies must come from Inventio's files. It is easier, less expensive and more accurate to produce copies obtained from the public record. Inventio's records may not be complete and such internal records most certainly contain privileged materials which would require review and removal prior to production. It is simply a matter of which copy of two identical documents should be

9

made – the Patent Office copy or Inventio's copy. Inventio should not be faulted for choosing to follow the more expeditious and efficient route.

To the extent that Defendants assert that the public records are deficient, Inventio will produce those documents missing from the public record that are in its possession, custody or control. As a result of the above, there should be no dispute that Inventio complied with Defendants' Document Request No. 2.

### 4. DEFENDANTS ARE NOT ENTITLED TO RECOVER THEIR FEES AND EXPENSES FOR THIS MOTION

The Court may require the payment of the movant's reasonable expenses only on the granting of a motion to compel disclosure or discovery. However, the "court must <u>not</u> order this payment if: …the opposing party's nondisclosure, response or objection was substantially justified…." Fed. R. Civ. P. 37(a)(5)(A)(ii) (emphasis added).

In each instance, Inventio has substantial justification for its responses as set forth above. Therefore, the Court should not award Defendants the fees and expenses incurred in bringing this motion.

10

## V.  CONCLUSION

Inventio respectfully submits that the Court should deny the Defendants' request for an Order Compelling a Response to Interrogatory No. 7 and Document Request Nos. 2, 50 and 51, and deny the request for fees and expenses incurred in bringing this motion.

Respectfully submitted,

Dated: July 20, 2009                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*Of Counsel:*

Pierre R. Yanney                        /s/ Donald E. Reid
DARBY & DARBY P.C.                       Donald E. Reid (Bar I.D. # 1058)
7 World Trade Center                     1201 N. Market Street
250 Greenwich Street                     P.O. Box 1347
New York, NY 10007-0042                  Wilmington, DE  19899-1347
Tel: (212) 527-7700                      (302) 658-9200
Fax: (212) 527-7701                      Email:  dreid@mnat.com
Email: pyanney@darbylaw.com

                                         *Attorneys for Plaintiff*
                                         *INVENTIO AG*

11

## CERTIFICATE OF SERVICE

I, Donald E. Reid, hereby certify that on July 20, 2009, the foregoing was filed with the

Clerk of the Court using CM/ECF system and that a true and correct copy of the foregoing was

served electronically via CM/ECF on the following counsel for Defendants:

James M. Lennon, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Tel: (302) 252-4326
Fax: (302) 661-7726
Email: jlennon@wcsr.com

David E. Schmit, Esq.
FROST BROWN TODD LLC
2200 PNC Center
201 E. 5th Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email:  dschmit@fbtlaw.com

/s/ Donald E. Reid
Donald E. Reid (#1058)

12