```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

    INVENTIO AG.,                :    CIVIL ACTION
                                 :    No. 08-874-ER
           Plaintiff,            :
                                 :
    v.                           :
                                 :
    THYSSENKRUPP ELEVATOR        :
    AMERICAS CORPORATION,        :
    et al.                       :
                                 :
           Defendants.           :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JULY 31, 2009

Plaintiff Inventio AG ("Plaintiff") brought the instant action against Defendants ThyssenKrupp Elevator Americas Corp. ("ThyssenKrupp Americas"), ThyssenKrupp Elevator Corp. ("ThyssenKrupp Corp."), and ThyssenKrupp Manufacturing Incorporated) ("ThyssenKrupp Manufacturing," and collectively referred to as "Defendants") for patent infringement. The two patents in controversy are as follows: (1) United States Patent No. 6,892,861, entitled "Destination Call Control for Modernizing Elevator Installation" ("Patent 861"); and (2) United States Patent No. 6,935,465, entitled "Method for Modernization of an Elevator Installation" ("Patent 465").

Defendants filed a motion to compel answers to interrogatory no. 7 and document requests nos. 2, 50, and 51 (doc. no. 33). The Court scheduled a hearing on Defendants' motion for Monday, August 31, 2009. In response, on July 23, 2009, Defense counsel sent the Court a facsimile requesting the

timely resolution of Plaintiff's refusal to answer interrogatory no. 7 because their Markman claim construction brief is due September 28, 2009.  Accordingly, the Court will now consider the proper disposition of the matter involving interrogatory no. 7.  The remainder of Defendants' motion will be considered on Monday, August 31, 2009.

On March 31, 2009, Defendants served interrogatory no. 7 upon Plaintiff, which requested as follows:

> For each element of any claim that Plaintiff contends is infringed by Defendants, provide a detailed construction of each such claim term, including the evidence upon which Plaintiff relies to support such contention.

(Defs.' App'x 2, doc. no. 35.)

Plaintiff responded as follows:

> Inventio incorporates its General Objections as if fully stated herein.  Inventio further specifically objects to this interrogatory on the ground that it is premature.  The Scheduling order entered in this case provides the parties until September 21, 2009 to file their Markman briefs.  If Inventio believes that any claim terms need to be defined outside of their ordinary meaning, Inventio will supplement its response to this interrogatory in a timely fashion.

(Id. at App'x 2-3.)

After receiving further inquiry on the matter by Defendants, Plaintiff responded:

> We are in the process of reviewing the claims and identifying "relevant" claim terms that require the detailed construction sought in Defendants' Interrogatory No. 7.  I suggest, however, that

> defendants provide a list of claim terms which they
> believe require a detailed construction in order to
> maximize the efficiency of this exercise and prevent
> additional rounds of supplemental responses to this
> interrogatory.

(Id. at App'x 11-12.)

Defendants then responded:

> In response to your request, the claim terms which we
> believe require a detailed construction in order to
> maximize the efficiency of the exchange of claim
> construction information and prevent additional rounds
> of supplemental responses to our Interrogatory No. 7
> are contained in Defendants' Responses to Plaintiff's
> Interrogatory No. 1.

(Id. at App'x 15-16.)

In response to further inquiry on the matter, Plaintiff stated,

> We will provide claim constructions in due course as
> required by the Scheduling Order in this case.

(Id, at App'x 81.)

     Defendants request that the Court enter an order granting their motion to compel discovery under Fed. R. Civ. P. 37(a)(3)(B). Defendants allege that Plaintiff's refusal to answer interrogatory no. 7 as provided for under the Federal Rules rather than sometime before the September 21, 2009 discovery deadline is improper.

     In contrast, Plaintiff's position is that interrogatory no. 7, which seek Plaintiff's claim constructions, is premature at this stage of the proceedings. Plaintiff seeks discovery on the accused products first to properly identify the claim terms in dispute. Plaintiff believes it should be permitted to respond

after substantial discovery has taken place, but in advance of the claim construction briefing. According to Plaintiff, a response to interrogatory no. 7 would give Defendants an undue advantage in that they can tailor their claim constructions based on their knowledge of the accused products, while limiting Plaintiff's ability to respond because of the lack of discovery. Plaintiff states that "[p]ostponing disclosure of [its] claim constructions allows a more ordered and logical progression of the case." (Pl.'s Reply 4, doc. no. 38.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The parties may obtain discovery through the use of interrogatories without first seeking leave of court. Fed. R. Civ. P. 33(a). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete . . . ." Fed. R. Civ. P. 33(a)(2). "[M]ethods of discovery may be used in any sequence."

Fed. R. Civ. P. 26(d)(2)(A).

The party objecting to a particular interrogatory "must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." Redland Soccer Club, Inc. v. Dept. of Army of U.S., 55 F.3d 827, 856 (3d Cir. 1995) (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). If such a showing is made, the Court has the authority to grant or deny motions to compel discovery under Fed. R. Civ. P. 37.[1] Additionally, a party seeking to alter the sequence of discovery may move for a protective order. Fed. R. Civ. P. 26(c)(1)(B)-(C).

Here, Plaintiff does not overcome its burden to demonstrate how interrogatory no. 7 is overly broad, burdensome,

---

[1] Defendants cite a series of decisions by district courts, compelling claim construction interrogatories and setting forth the justification for doing so. See, e.g., Rates Tech. Inc. v. Mediatrix Telcom, Inc., No. CV 05-2755(JS)(AKT), 2007 WL 2581777, at *4 (E.D.N.Y. Sept. 5, 2007) (Tomlinson, A.K., M.J.) (compelling claim construction interrogatory and reasoning "[i]t is routine practice in patent infringement actions to require a plaintiff to provide defendant with its claim construction"); Whitserve LLC v. Computer Patent Annuities No. Am., LLC, No. Civ. 04-cv-1897, 2006 WL 1273740, at *2 (D. Conn. May 9, 2006) (Smith, T., M.J.) (granting motion to compel claim construction interrogatory because "[s]uch an inquiry is clearly relevant"); S.S. White Burs, Inc. v. Neo-Flo, Inc., No. Civ. A. 02-3656, 2003 WL 21250553, at *1-*3 (E.D. Pa. May 2, 2003) (Hart, J., M.J.) (compelling claim construction interrogatory and finding "interrogatories seeking the identification of elements or limitations alleged to be infringed, and the supporting documents, are not considered contention interrogatories, and will not be postponed") (citing Fed. R. Civ. P. 33; B. Braun Med. Inc. v. Abbot Labs., 155 F.R.D. 525, 527 (E.D. Pa. 1994)).

or oppressive.  Nor does Plaintiff show why the sequence of discovery requests by Defendants should be altered.  In fact, Plaintiff agrees that a response to interrogatory no. 7 is appropriate, but merely seeks to delay its response for the "ordered and logical progression of the case."  The Court disagrees.

  Plaintiff initiated the instant action claiming patent infringement of Patents 861 and 465.  Under Fed. R. Civ. P. 11, Plaintiff has represented to the Court that the claims it is pursuing are warranted under existing law and that they have evidentiary support.  See Fed. R. Civ. P. 11(b)(2)-(3).  Thus, Plaintiff is in a position to articulate which claim terms Defendants have infringed.  Of course, after further discovery, Plaintiff may amend its response to interrogatory no. 7.[2]  Therefore, Defendants' motion to compel is granted to the extent it requires a response to interrogatory no. 7.  Plaintiff shall answer interrogatory no. 7 within 10 days.

---

  [2] Moreover, to the extent Plaintiff alleges interrogatory no. 7 is a contention interrogatory, the Court agrees with Neo-Flo's finding that "the identification of elements or limitations alleged to be infringed, and the supporting documents, are not considered contention interrogatories."