# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVENTIO AG, | ) |
|                   Plaintiff, | ) C.A. No. 08-874-ER |
| v. | ) |
| THYSSENKRUPP ELEVATOR AMERICAS CORPORATION; | ) **JURY TRIAL DEMANDED** |
| THYSSENKRUPP ELEVATOR CORPORATION, and; THYSSENKRUPP ELEVATOR MANUFACTURING INCORPORATED, | ) |
|                   Defendants. | ) |

## DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ANSWERS TO INTERROGATORY NO. 7 AND DOCUMENT REQUESTS NOS. 2, 50 AND 51

July 23, 2009

**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**
James M. Lennon (#4570)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
jlennon@wcsr.com

**FROST BROWN TODD LLC**
David E. Schmit (admitted pro hac vice)
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
dschmit@fbtlaw.com
Telephone: (513) 651-6985
*Attorneys for Defendants*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION .................................................................................................................. 1 | |
| II. | ARGUMENT ........................................................................................................................ 1 | |
| | A. | INTERROGATORY NO. 7 ........................................................................................... 1 |
| | | 1. Plaintiff does not need discovery to fully respond to Interrogatory No. 7 ...................................................................................................... 1 |
| | B. | DOCUMENT REQUESTS 50 AND 51 ........................................................................... 5 |
| | | 1. Plaintiff has not shown that any documents responsive to Document Requests 50 and 51 are subject to the New York Protective Order. ..... 5 |
| | | 2. The Documents Sought by Requests 50 and 51 are Relevant. .............. 5 |
| | C. | DOCUMENT REQUEST NO. 2 ..................................................................................... 8 |
| | | 1. Production of "publically available documents" is an insufficient response to Document Request No. 2. ...................................................... 8 |
| III. | CONCLUSION ..................................................................................................................... 9 | |

## TABLE OF AUTHORITIES

### **Cases**

*02 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,* 521 F.3d 1351 (Fed. Cir. 2008) ................... 1

*Cash Today of Texas, Inc. v. Greenberg,* 2002 U.S. Dist. LEXIS 20694 (D. Del. 2002) .............. 8

*Laboratory Skin Care, Inc. v. Limited Brands, Inc.,* 616 F.2d 468 (D. Del. 2009) ........................ 2

*Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed. Cir. 1995) ......................................... 1

*Phillips v. AWH Corporation,* 415 F.3d 1303 (Fed. Cir. 2005) .................................................. 2, 5

*S.S. White Burs, Inc. v. Neo-Flo, Inc.,* 2003 U.S. Dist. LEXIS 7718 (E.D. Pa. 2003) ................... 2

*SRI International v. Matsushita Electric Corporation of America,* 775 F.2d 1107 (Fed. Cir. 1985) ................................................................................................................................................. 4

*Whitserve LLC v. Computer Patent Annuities North America, LLC,* 2006 U.S. Dist. LEXIS 27048 (D. Conn. 2006) ............................................................................................................... 3, 5

### **Rules**

Fed. R. Civ. P. 26(b)(1) ..................................................................................................................... 7

Fed. R. Civ. P. 26(b)(5) ..................................................................................................................... 8

Fed. R. Civ. P. 33 .............................................................................................................................. 2

Fed. R. Civ. P. 33(b)(1) ..................................................................................................................... 5

**I.     INTRODUCTION**

This Reply Memorandum responds to points newly raised in Plaintiff's Memorandum Opposing Defendants' Motion to Compel.

**II.    ARGUMENT**

    **A.    Interrogatory No. 7**

        **1.    Plaintiff does not need discovery to fully respond to Interrogatory No. 7.**

Plaintiff argues that it needs "significant" discovery to be able to provide meanings for the claim terms requested by Defendants in Interrogatory 7. However, Plaintiff has not identified <u>any</u> relevant "significant discovery" it allegedly needs to be able to provide claim term meanings for its own patents.[1] More importantly, no such discovery is necessary. Plaintiff's objections are simply delaying tactics.

"The purpose of claim construction is to determine the meaning and scope of the patent claims <u>that the</u> <u>Plaintiff alleges have been infringed</u>." *02 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,* 521 F.3d 1351, 1360 (Fed. Cir. 2008)(emphasis added). Here, Inventio alleges Defendants infringe claims 1, 2, 3, and 11 of the '861 patent, and claims 1, 2, 3, and 10 of the '465 patent. Appx. 88-96. Accordingly, Plaintiff Inventio knows what claims are at issue.

Moreover, "[w]hen construing the claims of a patent, a court considers the literal language of the claim, the patent specification and the prosecution history." *Markman v. Westview Instruments, Inc.,* 52 F.3d 967 at 979 (Fed. Cir. 1995). Of these sources, the specification is 'always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single-best guide the meaning of a disputed term.' *Phillips v. AWH Corporation,* 415 F.3d 1303, 1312-17 (Fed. Cir. 2005). *Laboratory Skin Care, Inc. v. Limited*

---

[1] Nowhere does Plaintiff allege that it does not know what the claim terms in its own patent mean.

*Brands, Inc.,* 616 F.2d 468 (D. Del. 2009). By its own admission, Plaintiff concedes it has the patent (which includes the claims and specification), as well as the prosecution history; it needs nothing else to provide meanings for the claim terms requested by Defendants.[2]

Plaintiff argues that Defendants have an undue advantage because "they can tailor their claim constructions based on their knowledge of the accused products." However, Defendants have already provided Plaintiff their claim constructions (*see,* Appx. 25-43) – it is more likely that <u>Plaintiff</u> will tailor <u>its</u> claim construction based on Defendants' non-infringement position.

Plaintiff cites *In re H&R Mortgage Corporation Prescreening Litigation* for the proposition that courts delay compelling responses to contention interrogatories until after considerable discovery. *H&R Mortgage* did not involve claim terms meanings, and was not even a patent case. The patent cases cited by Defendants in their opening Memorandum are directly on point showing why Plaintiff should produce its claim constructions <u>now</u>.[3] Further, the 1970 Advisory Committee notes to Fed. R. Civ. P. 33 state "[a]s to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." In the present case it is critical that Plaintiff provide its claim construction <u>now</u> so that the issues to be presented to the Court in the *Markman* proceedings can be narrowed, in order to eliminate the need for this Court to unnecessarily deal with claim terms not in dispute.

---

[2] Plaintiff must have given the relevant claim terms some meaning in order to be able to allege infringement in its Complaint. It should be required to tell Defendants whatever meanings it is presently asserting. "If Plaintiffs subsequently change or further develop their claims, they are entitled to update their interrogatory responses." *S.S. White Burs, Inc. v. Neo-Flo, Inc.,* 2003 U.S. Dist. LEXIS 7718, *8 (E.D. Pa. 2003).

[3] For example, *see White Burs, Inc.*, at *4 ("interrogatories seeking the identification of elements or limitations alleged to be infringed, and the supporting documents, are not considered contention interrogatories, and will not be postponed.")

Plaintiff argues that it cannot fully respond to Interrogatory No. 7 because it does not know what terms are in dispute.[4] That is precisely the reason for answering Interrogatory 7 – so that the parties (and this Court) will know what claim terms are in dispute. *See Whitserve LLC v. Computer Patent Annuities North America, LLC*, 2006 U.S. Dist. LEXIS 27048, *10 (D. Conn. 2006) ("The court finds that the best way to determine which claims are in dispute is to have the party asserting infringement provide their interpretations to the alleged infringer so that the defendant can determine which terms they agree on and which they do not.")

Plaintiff argues that it is necessary to relate the claim terms to the accused products in order to provide claim term meetings. This approach is unnecessary and improper. The Federal Circuit has made it clear that "a claim is construed in the light of the claim language, the other claims, the prior art, the prosecution history, and the specification *not* in light of the accused device …. it is only *after* the claims have been *construed without reference to the accused device* that the claims, as so construed, are applied to the accused device to determine infringement. *SRI International v. Matsushita Electric Corporation of America,* 775 F.2d 1107, 1118 (Fed. Cir. 1985) (*en banc*) (emphasis in original). Further, Plaintiff already knows what accused products are involved, since it has provided a chart setting forth its infringement position (Appx. 88-96), and was able to file this action in the first instance.

Plaintiff characterizes Defendants' argument that they have provided claim term meanings and Plaintiff should do likewise as "a self-serving argument that does not take into account the relative positions of the parties," and that being aware of their own products, Defendants are in a better position to determine which claim terms are in dispute. This argument

---

[4] Interrogatory No. 7 does not ask for claim terms in dispute, but Plaintiff's meanings for certain specified claim terms relevant to the claims that Plaintiff says it is asserting in this case.

–3–

does not make sense – the *determination of the meaning* of the patent claim terms has nothing to do with Defendants' products, and must be construed independently of those products. The truth is that as the owner of the patents, Plaintiff is in the best position to know what its own claim terms mean.[5] In any event, Plaintiff states that it "requires discovery to be placed on an even footing." The easiest way to accomplish Plaintiff's even-footing goal is to compel Plaintiff to provide its claim terms meanings, as Defendants have already done.

Plaintiff argues that it should wait until the close of discovery before committing to its claim meanings. Presently, discovery cutoff is September 14, with *Markman* briefs being due a week later. If Plaintiff is permitted to delay answering Interrogatory No. 7, Defendants will be severely prejudiced in providing their *Markman* arguments.[6]

Finally, Plaintiff argues that its assertion that the claim terms are entitled to their "ordinary meaning" is sufficient "because they are easily understood as is" citing *Phillips* for the proposition that "the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges." 415 F.3d at 1312. Plaintiff's approach is not acceptable because Defendants have no idea what "ordinary meaning" Plaintiff is giving the claim terms. For example, the patent claims use such terms as "modernizing device," "floor terminal," "identification codes," etc., all of which are not common terms, but take on their specialized meaning in the context of the patents at issue here.[7] *See Whitserve LLC*, at *8 ("In answering a claim construction interrogatory a party using the well-trodden *pro forma* response

---

[5] The inventor Friedli, as a managing agent of Inventio, is in an even better position to know what the claim terms mean.

[6] Plaintiff says it "will submit proposed claim constructions in advance of the claim construction briefing." This is far too vague; Defendants need that information now in order to prepare their case.

[7] Plaintiff also asserts that "certain terms are entitled to their "ordinary meaning", but fails to deal with other claim terms that do not have an alleged "ordinary meaning."

that the "claims should be construed according to their plain meaning by people skilled in the relevant art" is in violation of their is in violation of their Rule 33(b)(1) obligations.)

### B. Document Requests 50 and 51.

**1. Plaintiff has not shown that any documents responsive to Document Requests 50 and 51 are subject to the New York Protective Order.**

While Plaintiff asserts that documents responsive to these requests are subject to a protective order in the New York case, it has not provided any <u>evidence</u> that the depositions, exhibits and letters contain, in whole or in part, any confidential information.[8] While other documents in the New York case were filed under seal, there is no indication on the Court's docket that any documents responsive to the subject document requests and referenced in the New York Court's Order, (Appx. 162-183) were placed under the protective order.

**2. The Documents Sought by Requests 50 and 51 are Relevant.**

Plaintiff argues that the requested documents are not relevant because "the patents-in-suit are otherwise unrelated to either the '094 Patent [involved in the New York case] or the European Patent." Pltff. Memo. at 3. However, Plaintiff is forced to concede that there is <u>some</u> overlap: the patents have a common inventor (Friedli) and the patents-in-suit state that an important feature, "recognition of an identification code," is known from the '094 patent. As to this latter point, Plaintiff argues that "identification codes" are not necessary requirements of many of the claims of the "patents-in-suit." The inference from this statement is that such "identification codes" <u>are</u> necessary requirements of at least some of the claims of the patents-in-suit – specifically all of the claims of the '465 patent, and claims 10 and 11 of the '861 patent. Since Plaintiff says "[t]he question is whether the subject matter of the patents overlap" (Pltff.

---

[8] Plaintiff does not even assert that the exhibits, letters and depositions of <u>its own</u> witnesses are subject to the protective order.

Memo. at 7), it is clear that the subject matter of these patents do overlap, making the information sought by Defendants relevant to issues in this case.

Plaintiff argues that the fact that Mr. Friedli is an inventor on at least 27 patents does not make them all relevant to this case. That is not Defendants' position. The '094 patent is relevant because it is expressly incorporated into the patents-in-suit, and the New York case involves the subject matter of the '094 patent – those facts alone satisfy Plaintiff's test that the subject matter of the patents "overlap."[9]

Plaintiff asserts that the prior deposition testimony of Friedli, Saloio, Gaussmann, Bloechle, Moudakis, and Nowel, "is only relevant if there is an overlap in the issues" between this case and the New York litigation. The issues in the two cases "overlap" in at least the following additional ways:

Nicole Saloio

- New York Case - Ms. Saloio sent e-mails evidencing Mr. Friedli's expertise and relationship with Plaintiff. Appx. 174.

- Present Case - Ms. Saloio is the person most knowledgeable about products and services sold by Schindler Elevator Corporation that embody the patents-in-suit. Appx. 109, 189, 190, 302-303.[10]

Andreas Gaussmann

- New York Case – Plaintiff acknowledges there exists a deposition of Mr. Gaussmann in this case. Pltff's Memo. at 7. As Vice Director of Plaintiff, Mr. Gaussmann's testimony may lead to admissible evidence in the present case.

---

[9] As for Mr. Friedli's 27 patents, they are all assigned to Plaintiff Inventio (demonstrating the close connection between Friedli and Plaintiff); involve various aspects of elevator installation and operation (as in the present case); and the '094 patent is even cited in eight of these patents *See* Appx. 270-296.

[10] In its opposition to the present Motion, Plaintiff implies that information relating to its co-plaintiff in the New York case, Schindler Elevator, is not relevant to issues in the present case. Yet it is relying on sales by Schindler of products allegedly using the patents-in-suit to rebut Defendants' assertion that the patents are invalid for obviousness. *See* Appx. 302-303.

- Present Case – Mr. Gaussmann is the individual most knowledgeable concerning implementation of the subject matter of the patents in suit; the factual basis for the allegations in the Complaint; Plaintiff's corporate structure; infringing products and/or services; prosecution of the patents-in-suit and related counterpart patents; certain critical components of the patent-in-suit, and has personal knowledge of all of the information set forth in answer to all of Defendants' interrogatories. Appx. 2, 111, 117, 118, 119, 191, 192, 194, 197, 199, 201, 303 - 307.

Messrs. Sula, Moudakis and Nowel

- New York case – these individuals have knowledge of Mr. Friedli's role in marketing and sales activity; development of products for Plaintiff, and access to Plaintiff's confidential documents. Appx. 9, 10, 12-15.

- Present case – Mr. Friedli's role in marketing and sales activity; development of products for Plaintiff, and access to Plaintiff's confidential documents will also re relevant subjects.

Finally, Plaintiff argues that the standard for discovery relevance stated in *In re ML-Lee Acquisition Fund II, L.P.*, "that the information sought could have no possible bearing upon the subject matter of the action," cited by Defendants, is not correct in view of the 2000 amendment to Rule 26(b)(1). However, the standard stated in *ML-Lee* was still being used in this District after the 2000 amendment. *See*, *Cash Today of Texas, Inc. v. Greenberg,* 2002 U.S. Dist. LEXIS 20694, *4 (D. Del. 2002) ("Only if it is palpable that the evidence sought could have no possible bearing upon the issues should a court deny discovery.").[11] In any event, the information sought by Defendants is relevant under either the "no possible bearing" or "relevant to any party's claim or defense" standards.

---

[11] Although the court was referring to quashing a subpoena, it noted that "the reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable due discovery under Fed. R. Civ. P. 26(b)(1)." *Id., n.4.*

**C.     Document Request No. 2.**

**1.      Production of "publically available documents" is an insufficient response to Document Request No. 2.**

Plaintiff concedes that it has not produced all copies of documents from its own files in response to Document Request No. 2.[12]  It is improper for Plaintiff to limit production to "publically available documents that are not otherwise available in the public files."  Moreover, Plaintiff does not address its failure to produce documents relating to the full breadth of "Inventio patents and patent applications" as defined in the Document Requests, which includes foreign and other related patent applications as well.

Plaintiff also states that it has not produced documents that are "irrelevant because they do not bear in any issue in the case."  It is apparent from the face of Document Request No. 2 that any document "contained in the files relating to the patent applications for the Inventio patents and patent applications [as those terms are defined in the Request]" will be relevant to issues in this case, and Plaintiff has not shown otherwise.

Plaintiff also argues that it has not produced responsive documents that are privileged.  However, it has neither shown it is entitled to claim privilege for the requested documents, nor has it produced a privilege log documenting the withheld documents as required by Fed. R. Civ. P. 26(b)(5).

Plaintiff's argument that it is sufficient to produce records from the Patent Office, rather than from its own files, because its own records may not be complete and contain privileged materials which would require review and removal, is an insufficient reason to withhold

---

[12] It is clear from the correspondence between the parties, as well as Plaintiff's written responses to the Document Requests, that it understood it was to produce documents from its own files, not from available public record files.

production.  Defendants cannot know what information is actually contained in Plaintiff's files that may not be in the "public record."  Plaintiff has not complied with Document Request No. 2, and by its own admission has not produced all responsive documents.

## III. CONCLUSION

For the reasons stated herein and in Defendants' opening memorandum, it is respectfully requested that this Motion be granted.  Defendants maintain their request for an award of fees and expenses, since Plaintiff has not demonstrated that its position was substantially justified.

Respectfully submitted,

July 23, 2009         **WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**

/s/ James M. Lennon
James M. Lennon (#4570)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Tel: (302) 252-4320
jlennon@wcsr.com

**FROST BROWN TODD LLC**
David E. Schmit (admitted pro hac vice)
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
dschmit@fbtlaw.com
Tel:    (513) 651-6985
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of July, 2009, the foregoing was filed with the clerk of the court by using the CM/ECF system and that a true and correct copy of the foregoing will be served on the following counsel for Plaintiff through the CM/ECF system:

Donald E. Reid
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Chase Manhattan Centre
1201 North Market St., P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 685-9200
DReid@mnat.com

Pierre R. Yanney
**DARBY & DARBY P.C.**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 527-7769
Pyanney@Darbylaw.com

/s/ James M. Lennon
James M. Lennon (#4570)

CINLibrary 0106162.0563706 1991491v1