IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**INVENTIO AG,**

        Plaintiff,

v.

**THYSSENKRUPP ELEVATOR
AMERICAS CORPORATION, et. al.,**

        Defendants.

Civil Action No. 08-00874-RGA

MEMORANDUM ORDER

Before the Court is Defendants' Motion for Summary Judgment and Motion to Strike Relating to Damages. (D.I. 431). This matter has been fully briefed (D.I. 432, 468, and 479) and the Court held oral argument on November 15, 2013. (D.I. 492, "Tr.") For the reasons below, the motion is **DENIED IN PART AND GRANTED IN PART**.

The Defendants argue that they are entitled to summary judgment as the Plaintiff (1) improperly calculated damages to include revenue received from the Defendants' service contracts, (2) the Plaintiff improperly relied upon alleged economic impact not directly related to the Defendants' companies, (3) the Plaintiff's damages theory is prejudicial and inconsistent with the Plaintiff's sworn damages interrogatory responses, (4) the Plaintiff improperly relies on alleged damages occurring before U.S. Patent No. 6,892,861 ("'861 patent") was amended by a Certificate of Correction on November 18, 2008, and (5) that damages related to the '861 patent should be limited to damages occurring after the filing of the present suit on November 21, 2008

1

as the Plaintiff failed to mark products that contained the `861 patented invention. (D.I. 432 at 7).

The Plaintiff responds that (1) its expert, Mr. Britven, does not rely on the service contract to increase the royalty base, but instead to increase the royalty rate, (2) it is proper to consider other Schindler companies as there is a genuine relationship that goes beyond a licensor/licensee arrangement, (3) that Mr. Britven's damages theory is consistent with the interrogatory responses and therefore there is no prejudice, (4) the `861 patent was not invalid prior to the Certificate of Correction and therefore damages are appropriate prior to November 18, 2008, and (5) it does not contest that its failure to mark products containing the `861 patent prevents recovery of damages prior to the filing of the instant lawsuit. (D.I. 468 at 11, 19, 24).

First, the Court finds that Plaintiff's expert relied upon the service contract to increase the royalty rate and not to increase the royalty base. The amended expert report states, "[R]easonable royalty damages due to Inventio for Thyssen's known infringing activities are $194,985 to $263,004 (considering modernization only), reflecting a reasonable royalty of $6,093 to $8,219 per elevator per overlay modernization project." (D.I. 437-4 at 22, fn. 247). This is further supported by Plaintiff's counsel's representation at the Summary Judgment Hearing. Tr. at 85 (agreeing that the service contract is not factored into the royalty base). Therefore, as the service contracts are not factored into the royalty base, the Defendants' first argument is without merit.

Second, the Plaintiff's expert properly considers other Schindler companies, specifically Schindler's U.S. operating entity. Inventio is a wholly-owned subsidiary of Schindler Holding and a sister company of Schindler Elevator Corp. As there is a "genuine relationship between

2

these companies," the financial impact on the companies is a proper factor for the expert to consider. *Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.*, 425 F.3d 1366, 1378 (Fed. Cir. 2005), *overruled on other grounds by Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348 (Fed. Cir. 2009). Analogous to *Union Carbide*, the corporate relationship between Inventio, Schindler Elevator Corp., and Schindler Holding, would likely have been considered during a licensing negotiation and thus is an appropriate factor in the expert's analysis of the hypothetical licensing negotiation.

Third, the Defendants have not provided sufficient evidence to strike Mr. Britven's report on the grounds that his interrogatory answer is inconsistent with his report, nor have the Defendants satisfied the Court that, assuming the answers were inconsistent, the Defendants were unfairly prejudiced. The interrogatory response indicated that Mr. Britven may use one of a number of methods to calculate damages, one of which was apportionment. Therefore as Mr. Britven used a method of apportionment in his amended expert report, there is no conflict. (D.I. 437-8 at 9, 10). The Defendants further argue that they "[are] not seeking to exclude Inventio's damages expert theory merely because it is inconsistent with Inventio's sworn interrogatory answer, but because Inventio failed to supplement its interrogatory answer to provide it." (D.I. 479 at 11, n. 14). As the Court has found that the interrogatory response is not inconsistent with the amended expert report, the Plaintiff was under no obligation to amend its interrogatory response.

Fourth, the Court found that the '861 patent was not invalid prior to the Certificate of Correction. (D.I. 503 at 7, 8). Therefore damages are not improperly asserted simply because they occurred before the date of the Certificate of Correction, November 18, 2008.

Fifth, the Court precludes any finding of damages for the `861 patent prior to the filing of this case on November 21, 2008, as the Plaintiff's products were not marked in compliance with 35 U.S.C. § 287(a). The Plaintiff does not dispute that its products had to be marked. (D.I. 468 at 24). Furthermore, the Plaintiff states, "Inventio may not be able to recover damages for infringements that occurred prior to the filing of the lawsuit." *Id.* The Plaintiff puts forth no argument as to why damages could be appropriate, prior to the filing of this suit, as related to the `861 patent. *Id.* As the parties agree that the relevant products were not marked, as required by law, the Court agrees with the Defendants that the Plaintiff may not seek damages for the infringement of the `861 patent for any time prior to November 21, 2008.

Entered this 13th day of December, 2013.

Richard G. Andrews
United States District Judge