IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVENTIO AG,<br><br>      Plaintiff,<br>v.<br><br>THYSSENKRUPP ELEVATOR AMERICAS CORPORATION, THYSSENKRUPP ELEVATOR CORPORATION, and THYSSENKRUPP ELEVATOR MANUFACTURING INCORPORATED<br><br>      Defendants. | Civil Action No. 08-874-RGA |

### MEMORANDUM ORDER

Before the Court is the Defendants' Motion to Strike Inventio's Evidence of Copying. (D.I. 447). The matter has been fully briefed. (D.I. 448, 472, 484). For the reasons below, the motion is **DENIED**.

1. When considering whether to preclude evidence under Rule 37 the Court looks to five factors: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness [sic] in failing to comply with the district court's order." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904 (3d Cir. 1977).

2. The Court finds that the Defendants cannot be surprised by the fact that the Plaintiff is asserting evidence of copying as the Defendants were on notice as early as June 2009. (D.I. 472-

1 at 8). Furthermore, the Defendants' own witness, Mr. Hampton, testified about the visit during a deposition on April 13, 2010. (D.I. 421-1 at 83).

3. The Court finds both that the letter was not a formal discovery device and that a deadline had not been established for the Plaintiff to transmit the letter, and therefore there was no willful disobedience of a court order.

4. As the aforementioned two factors weigh heavily in favor of the Plaintiff, the Court need not consider the other *Pennypack* factors.[1]

5. Finally, even if there is prejudice, which the Court doubts, the Defendants are permitted to depose Mr. Huntington and/or J & H within the next two weeks. (*See* D.I. 484 at 12). The Plaintiff is ordered to make itself available for a deposition if the Defendants choose to depose either Mr. Huntington or J & H.

Entered this 14th day of January, 2014.

Richard G. Andrews
United States District Judge

---

[1] The Court notes that it believes the issue can be dealt with by allowing depositions of Mr. Huntington and J & H. Thus, the other two factors do not weigh in favor of exclusion either.

2