IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVENTIO AG,<br><br>       Plaintiff,<br>v.<br><br>THYSSENKRUPP ELEVATOR AMERICAS CORPORATION, THYSSENKRUPP ELEVATOR CORPORATION, and THYSSENKRUPP ELEVATOR MANUFACTURING INCORPORATED<br><br>       Defendants. | Civil Action No. 08-874-RGA |

## MEMORANDUM ORDER

The Plaintiff filed a Motion to Exclude the Testimony and Reports of Defendants' Retained Expert Mr. McClendon pursuant to Federal Rules of Evidence 702 and 403. (D.I. 417). The motion is fully briefed. (D.I. 418, 442, 467). The Plaintiff's request to preclude is **GRANTED IN PART** and **DENIED IN PART** for the reasons stated below.

Rule 702 permits a qualified witness to testify as an expert provided that the expert's knowledge will be helpful to the trier of fact, the testimony is "based on sufficient facts or data," and the testimony is the result of reliable principles and methods that were reliably applied by the expert. FED. R. EVID. 702. The Plaintiff argues (1) that Mr. McClendon is not qualified to testify regarding the Inter Partes Review proceedings pending in the United States Patent & Trademark Office ("USPTO"), (2) that the Mr. McClendon's report should be excluded because Mr. McClendon was not substantially involved in its preparation, (3) that Mr. McClendon is not a qualified expert, (4) that Mr. McClendon is not qualified to opine on commercial success, and

(5) that because Mr. McClendon is also the designer of the infringing elevator installation, his testimony would be unfairly prejudicial under Rule 403. (D.I. 418).

First, the Court agrees with the Plaintiff that Mr. McClendon is not qualified to opine on the USPTO's Inter Partes Review proceeding. The Defendants argue that Mr. McClendon is familiar with the details of the reexamination process. (D.I. 442 at 14-16). This argument is unpersuasive. The Defendants fail to provide any argument as to why Mr. McClendon is qualified to discuss the reexamination process or that he is familiar with the underlying facts of the reexamination process itself. *Id.* Therefore, Mr. McClendon's testimony, insofar as it pertains to the pending USPTO Inter Partes Review, is excluded.

Second, the Plaintiff contends that Mr. McClendon's report should be excluded because he was not the report's author. Specifically, the Plaintiff argues that Mr. McClendon did not provide substantial input into the contents of the expert report, Mr. McClendon could not identify any portion of the report that he took the lead in drafting, Mr. McClendon could not identify any documents that he suggested be included in the appendix, large portions of the report echo the Defendants' Supplemental Responses and Objections, and Mr. McClendon is unable to claim authorship of any portion of the report. (D.I. 418 at 9-16). The Defendants argue that Mr. McClendon had substantial input into the contents of the expert report, expending between 200 and 300 hours working on the expert reports over a period of seven months. (D.I. 442 at 6). While it seems likely that Mr. McClendon's lack of direct authorship of the report may lead to credibility issues during cross, the Defendants have satisfied the Court that Mr. McClendon's input into the report meets the minimum requirements of Rule 702.

Third, the Plaintiff contends that Mr. McClendon's testimony should be excluded because he is not qualified to opine on the validity of Inventio's patents. (D.I. 412 at 16-21).

2

The Defendants persuasively argue that the combination of Mr. McClendon's education and work experience satisfy the requirements as found in Rule 702. Mr. McClendon has an Associate of Engineering degree with a major in electrical engineering technology, has taken additional classes in computer engineering technology, has received training in computer programming, and is proficient in a number of programming languages. (D.I. 442 at 10). Furthermore, and perhaps more importantly, Mr. McClendon has thirty-five years of experience in the design, development, operation, and installation of electrical, computer, electronic, and software components associated with elevator control systems. (D.I. 442 at 11). Finally, Mr. McClendon designed the destination dispatch overlay system in question. The Court finds that Mr. McClendon meets the requirements found in Rule 702 and is qualified to opine on the validity of Inventio's patents.

Fourth, the Plaintiff argues that Mr. McClendon is not qualified to opine on the topic of commercial success. (D.I. 418 at 11, 12). The Defendants argue that Mr. McClendon's opinion regarding commercial success is limited to whether the commercial success of the product is tied to the invention, and not whether the technology was economically successful. (D.I. 442 at 14). The Court agrees with the Defendants and finds that Mr. McClendon is at least minimally qualified to discuss the nexus between any commercial success and the overlay modernization methods as found in Inventio's patents.

Fifth, and finally, the Plaintiff argues that Mr. McClendon's testimony should be excluded under Rule 403 because Mr. McClendon will testify as both a fact witness and an expert witness. (D.I. 418 at 21). The Defendants persuasively argue that the Court may take precautions to minimize potential prejudice, such as providing instructions to the jury or structuring the examination of Mr. McClendon in such a fashion as to make clear when he is

testifying as a fact witness versus an expert witness. (D.I. 442 at 19). The Court agrees with the Defendants and finds that Mr. McClendon's testimony is not barred under Rule 403 as the probative value of his testimony is not substantially outweighed by the danger of unfair prejudice.

Entered this 14th day of January, 2014.

                                                                                            /s/ Richard G. Andrews
                                                                                            United States District Judge