IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVENTIO AG,<br><br>      Plaintiff,<br>v.<br><br>THYSSENKRUPP ELEVATOR AMERICAS CORPORATION, THYSSENKRUPP ELEVATOR CORPORATION, and THYSSENKRUPP ELEVATOR MANUFACTURING INCORPORATED,<br><br>      Defendants. | Civil Action No. 08-874-RGA |

## **MEMORANDUM ORDER**

The Defendants filed a Motion for Summary Judgment for Dismissal of Improper Defendants ThyssenKrupp Elevator Americas Corporation ("TKEA") and ThyssenKrupp Elevator Manufacturing Incorporated ("TKEM") and All Claims of Indirect Infringement. (D.I. 486). The motion is fully briefed. (D.I. 487, 502, 506). The Defendants' motion is **GRANTED in part and DISMISSED AS MOOT in part** for the reasons stated below.

### Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a

reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The burden on the moving party may be discharged by demonstrating that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 325.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." FED.R.CIV.P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

## ThyssenKrupp Elevator Americas Corporation

The Defendants contend that TKEA "is merely a holding company, and has not engaged in any activity that could be considered an infringing act." (D.I. 487 at 6). The Plaintiff

2

responds by citing to the Defendants' website, which indicates that TKEA has 13,500 employees and that TKEA oversees all business for ThyssenKrupp's U.S. operations. (D.I. 502 at 6). The Plaintiff also argues that evidence located on TKEA's Facebook account and twitter account along with online job postings confirm TKEA's liability. *Id.* at 6-7. Finally, the Plaintiff states that TKEA has the same board of directors as TKEM and ThyssenKrupp Elevators Corporation ("TKEC"). *Id.* at 9. As further evidence, the Plaintiff argues that TKEA's removal of the phrase "Holding Company" from its name provides evidence that TKEA is no longer simply a holding company. *Id.* at 8. The Defendants reply that the Plaintiff is mistaking ThyssenKrupp's use of the name "ThyssenKrupp Elevator Americas," which is generally used to identify all of the relevant companies, and "ThyssenKrupp Elevator Americas Corporation." The Court agrees with the Defendants that the above evidence, viewed in the light most favorable to the Plaintiff, does not establish any direct infringement by TKEA.

Furthermore, the Plaintiff's *alter ego* theory is unconvincing.

> Under the alter ego analysis, a subsidiary may be regarded as the alter ego of its parent corporation and render the parent liable if two requirements are met: (1) "a lack of attention to corporate formalities, such as where the assets of two entities are commingled, and their operations intertwined," or "where a corporate parent exercises complete domination and control over its subsidiary," and (2) the use of the corporate form would cause fraud or a similar injustice.

*StrikeForce Technologies, Inc. v. PhoneFactor, Inc.*, 2013 WL 6002850 at *4 (D. Del. Nov. 13, 2013). The Plaintiff makes no showing that TKEA's assets were or are commingled with TKEM or TKEC's assets, that TKEA exercises dominion or control over TKEC and/or TKEM,[1] or make any allegation of corporate fraud.

The Plaintiff's agency theory is equally unpersuasive.

---

[1] Having a common board of directors is not sufficient to demonstrate "dominion or control."

> Agency theory treats the parent and its subsidiary as two separate corporate entities, holding the parent liable for the specific actions it directed or authorized the subsidiary to perform. While agency theory requires a close connection between the relationship of the corporations and the cause of action, it does not apply solely because the parent has dominion and control over the subsidiary. Under this theory, only the conduct shown to be instigated by the parent may be attributed to the parent.

*Id.* at *5. Here, while the Plaintiff alleges direct interaction between TKEA and TKEC and/or TKEM, the law requires "dominion and control." Furthermore, no facts are proffered by the Plaintiff that would show that the installations were instigated by TKEA and attributable to TKEA.

For these reasons the Court finds that TKEA is not liable as a matter of law for infringement of the patents-in-suit[2] and therefore TKEA's Motion for Summary Judgment for Dismissal is **GRANTED**.

### ThyssenKrupp Elevator Manufacturing Incorporated

The Defendants argue that TKEM cannot be liable for patent infringement under 35 U.S.C. § 271(a) as the Plaintiff has failed to show that TKEM has performed all of the steps of Claim 1 of the `465 patent, "either personally or through another acting under his direction or control," nor has it "made, used, offered for sale, sold or imported a 'device' or 'system' having all of the elements of claims 1 or 11 of the `861 patent." (D.I. 487 at 10, 11).

Turning first to the Defendants' arguments concerning the `465 patent, the Plaintiff responds that TKEM directly participated in installing all of the infringing equipment at the accused projects. (D.I. 502 at 11, 12). However, the evidence proffered by the Plaintiff only shows that various TKEM employees were "involved" in the installation and not that TKEM's

---

[2] The Patents-in-suit are U.S. Patent Nos. 6,892,861 and 6,935,465 ("the `861 patent" and "the `465 patent" respectively).

4

employees performed each and every step found in Claim 1 of the `465 patent. (D.I. 400 at ¶ 2; D.I. 434 at ¶ 2; D.I. 400[3] ¶ 2; D.I. 399 ¶¶ 1, 2, 4-6; D.I. 421-1 at 226; D.I. 502-1 at 68, 92, 93, 101). While it is certainly the case the Plaintiff has proffered evidence of TKEM's direct involvement, this is not sufficient to find infringement of a method claim. *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012) (en banc), *cert. granted*, 81 U.S.L.W. 3395 (U.S. Jan. 10, 2014) (No. 12-786). As the Plaintiff has not provided evidence that each and every step in Claim 1 of the `465 patent was performed either directly or under the direction of TKEM, no reasonable jury could find that there was direct infringement of this claim by TKEM. Thus Defendants' Motion for Summary Judgment that TKEM did not directly infringe Claim 1 of the `465 patent is **GRANTED**.

Now turning the Court's attention to Defendants' arguments concerning the `861 patent, the Defendants contend that while "TKEM may have made or sold a component part that could be considered a 'modernizing device' or a 'computing unit,' TKEM has not made, offered for sale, sold, used or imported the combination of these components connected together . . . as required by the `861 patent claims." (D.I. 487 at 12). Specifically, the Defendants claim that "Inventio can put forward no evidence that TKEM installed the final part" for either claims 1 or 11 of the `861 patent. *Id.* The Plaintiff responds both that it is not required to show that TKEM installed the final part of the device and/or system and that "it can be seen that TKEM sold all of the key components of the infringing system to TKEC. . . ." (D.I. 502 at 16, 17). The court will address these arguments in turn.

---

[3] The Plaintiff cites to David Valle's Declaration as D.I. 339. D.I. 339 are Objections to D.I. 333. The Court presumes the Plaintiff meant to cite D.I. 400, which is the Declaration of David Valle.

5

First, the Court disagrees with the Plaintiff's assertion that it need not show that TKEM installed the "final part." In order for there to be direct infringement under 35 U.S.C. § 271(a) the Plaintiff must show that "every limitation of the patent claim be found in the accused infringing device." *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 981 (Fed. Cir. 1997). Here, assuming that the "final part" is a claim limitation, TKEM, as a matter of law, cannot infringe under a literal infringement theory without the final part's installation.

Second, the Plaintiff's argument that they have evidence that "TKEM sold all of the *key* components of the infringing system" is equally unpersuasive. (D.I. 502 at 12-13 (emphasis added)). The Plaintiff presents as evidence the *Modernization Product Quote Summary Page* and thirty two attached pages of information. (D.I. 502-1 at 144 to 502-2 at 29). The Plaintiff, however, fails to connect any of the hundreds of parts listed in the document to the claim limitations. The fact that TKEM sold *key* components is irrelevant to the determination of whether all of the claim limitations were met because the Plaintiff has not made a showing that these *key* components meet each and every limitation as found in Claims 1 and 11 of the `861 patent. As the Plaintiff has failed to provide evidence that each and every limitation of Claims 1 and 11 of the `861 patent have been met, no reasonable jury could find that TKEM directly infringed these Claims. Therefore, the Defendants' Motion for Summary Judgment as to TKEM's direct infringement of Claims 1 and 11 of the `861 patent is **GRANTED**.[4][5]

---

[4] The Court is not persuaded by the Plaintiff's arguments that TKEM can be held liable under a theory of "joint direct infringement" as the Court finds no case law to support the Plaintiff's contention that "joint direct infringement" is a viable infringement theory without a showing of vicarious liability. *Aristocrat Technologies Australia Pty Ltd. v. International Game Technology*, 709 F.3d 1348, 1362-63 (Fed. Cir. 2013). Furthermore, as discussed above in relation to the Plaintiff's *alter ego* theory, the Plaintiff has failed to proffer sufficient evidence for a reasonable jury to conclude that either TKEM or TKEC exerted sufficient control over the other party to be responsible for their actions. Therefore the court finds as a matter of law that TKEM also did not directly infringe any of the asserted patent claims under a theory of "joint direct infringement."

[5] Since TKEM does not infringe the independent claims in suit it cannot infringe the associated dependent claims. Thus, the grant of Summary Judgment is to all asserted claims.

**35 U.S.C. § 271(f)(1) and 35 U.S.C. § (f)(2)**

The Defendants moved for summary judgment of the Plaintiff's 35 U.S.C. § 271(f)(1) and 35 U.S.C. 271 § (f)(2) claims. (D.I. 487 at 17, 18). As the Plaintiff did not address any aspect of these claims in its briefing, the Court holds that the Plaintiff has waived all arguments related to its 35 U.S.C. § 271(f)(1) and 35 U.S.C. 271 § (f)(2) claims. Therefore the Defendants' Motion for Summary Judgment of the 35 U.S.C. § 271(f)(1) and 35 U.S.C. 271 § (f)(2) is **GRANTED**.

**Indirect Infringement**

The Defendants argue that the Plaintiff's claims of indirect infringement should be precluded as untimely. (D.I. 487 at 19, 20). The Defendants contend that "because Inventio delayed so long to amend its disclosures to reveal these new infringement theories, Defendants had no opportunity to pursue the factual basis for them." *Id* Inventio argues that it placed the Defendants on notice in its March 15, 2013 Responses to Interrogatories. (D.I. 502 at 23). Additionally, Inventio argues that its "indirect infringement claims do not introduce any new facts or require new discovery," thereby limiting any possible prejudice to the defendants. *Id.* at 24.

The Court finds that Defendants' Motion for Summary Judgment is moot as to Plaintiff's indirect claims. The Complaint does not allege indirect infringement against any of the Defendants. (D.I. 1). The complaint includes two counts. Count I alleges:

> 12. On information and belief, the Defendants have been and still are *directly* infringing United States Patent No. 6,892,861 within the meaning of 35 U.S.C. § 271, and this unlawful infringement will continue unless enjoined by this court.

*Id.* at 3 (emphasis added). Count II alleges:

> 16. On information and belief, the Defendants have been and still are *directly* infringing United States Patent No. 6,935,465 within the meaning of 35 U.S.C. § 271, and this unlawful infringement will continue unless enjoined by this court.

*Id.* at 3 (emphasis added).

During the lengthy lifetime of this case, the Plaintiff has not amended the Complaint, and there are currently no pending motions to amend the Complaint. Rule 8 of the Federal Rules of Civil Procedure require that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Here, the Plaintiff asserts grounds for relief only for direct infringement and not for indirect infringement. Furthermore, the time to amend the complaint has long since passed. This case was filed on November 21, 2008. (D.I. 1). The Court set a deadline for amending the pleading of October 15, 2012. (D.I. 187). We are nearing five years and two months since the initial complaint was filed, one year and three months since the deadline to amend the complaint passed, and are less than forty days before the start of the trial.[6]

Therefore, the Court **DISMISSES** the Motion for Summary Judgment of No Indirect Infringement as **MOOT** as there are no claims for Indirect Infringement in this case.

Entered this 16th day of January, 2014.

/s/ Richard G. Andrews
United States District Judge

---

[6] Even if the Court were to find that the Plaintiff's Interrogatory Reponses on March 15, 2013 could act as a Motion to Amend the Complaint, which it does not, such a motion would not only be untimely, but would prejudice the Defendants, who have relied on the fact that the Plaintiff had not alleged indirect infringement for over four years.