IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVENTIO AG,<br><br>      Plaintiff,<br>v.<br><br>THYSSENKRUPP ELEVATOR CORPORATION,<br><br>      Defendant. | Civil Action No. 08-874-RGA |

**MEMORANDUM ORDER**

The Court now takes up the two issues that remained unresolved after the pretrial conference: (1) the clarification of the Court's holding regarding "advance selector" and (2) the Defendant's Third Motion *In Limine*.

(1) "The best mode inquiry is directed to what the applicant regards as the invention, which in turn is measured by the claims. Unclaimed subject matter is not subject to the disclosure requirements of § 112; the reasons are pragmatic: the disclosure would be boundless, and the pitfalls endless." *Engel Indus., Inc. v. Lockformer Co.*, 946 F.2d 1528, 1531 (Fed. Cir. 1991). Furthermore, "As in enablement, the 'invention' referred to in the best mode requirement is the invention defined by the claims." *Bayer AG v. Schein Pharm., Inc.*, 301 F.3d 1306, 1320 (Fed. Cir. 2002). Here, the invention, as defined by the Court's construction of the asserted claims, does not include an "advance selector." The Defendant is therefore precluded from arguing that any aspect of the asserted claims can be invalidated for failure to describe the best mode of an "advance selector."

(2) "[C]opying requires the replication of a specific product. This may be demonstrated either through internal documents; direct evidence such as disassembling a patented prototype, photographing its features, and using the photograph as a blueprint to build a virtually identical replica; or access to, and substantial similarity to, the patented product (as opposed to the patent)." *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1325 (Fed. Cir. 2004) (internal citations omitted). Thus, it is required that the thing being copied must be shown to embody the relevant patent. Therefore, in order for a party to bring forth evidence of copying, the party must first make a showing that the thing being copied is in fact an embodiment of the relevant patent. The Court is unaware of any evidence remaining in the case from which Plaintiff may show that the copied elevators embody the patents-in-suit. The Court therefore **GRANTS** the relevant portion of Defendant's Third Motion in Limine, but will reconsider the matter if the Plaintiff puts on evidence that shows the Avenue of the Americas elevator modernization is an embodiment of the asserted patent claims.

Entered this 7th day of February, 2014.

/s/ Richard G. Andrews
United States District Judge